

FILED
CLERK, U.S. DISTRICT COURT

JUL 23 2021

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | No. CR 20-148-GW |
| Plaintiff, ) | **FINAL JURY INSTRUCTIONS** |
| v.  ) | |
| ALBERT PINEDO,   ) | |
| Defendant.  ) | |

<u>**Final Jury Instructions**</u>
**United States v. Pinedo, Case No. CR-20-0148**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

This is a criminal case brought by the United States Government. In the Indictment, the Government charges the defendant Albert Pinedo with a violation of 18 U.S.C. § 2422(b) – namely that, between late February 2020 and early March 2020 in Los Angeles, California, the Defendant communicated through the internet with an individual that he believed was a 14 year old boy and attempted to persuade, induce, entice and/or coerce him to engage in criminal sexual activity – namely, oral copulation with a minor under 16 years of age in violation of California Penal Code § 287(b)(2), and lewd or lascivious acts with a child of 14 or 15 years of age by a person at least 10 years older than the child in violation of California Penal Code § 288(c)(1).

The Indictment is not evidence. The Defendant has pleaded not guilty to the charge. The Defendant is presumed to be innocent unless and until the Government proves the Defendant guilty beyond a reasonable doubt. In addition, the Defendant does not have to testify or present any evidence. The Defendant does not have to prove innocence; the Government has the burden of proving every element of the charge beyond a reasonable doubt.

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the Defendant did not testify.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the Defendant is guilty. It is not required that the Government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

1

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

The evidence you are to consider in deciding what the facts are consists of:
(1) the sworn testimony of any witness; and
(2) the exhibits received in evidence.

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:
　　1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.
　　2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]
　　3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:
(1) the opportunity and ability of the witness to see or hear or know the things testified to;
(2) the witness's memory;
(3) the witness's manner while testifying;
(4) the witness's interest in the outcome of the case, if any;
(5) the witness's bias or prejudice, if any;
(6) whether other evidence contradicted the witness's testimony;
(7) the reasonableness of the witness's testimony in light of all the evidence; and
(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or

she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

You are here only to determine whether the Defendant is guilty or not guilty of the charge in the Indictment. The Defendant is not on trial for any conduct or offense not charged in the Indictment.

You have heard evidence that the Defendant committed other crimes, wrongs, or acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the Defendant's intent, motive, knowledge, and absence of accident or mistake and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the Defendant is now on trial.

You have heard testimony from Detective Wayne Nichols and Dr. Drew Kingston, both of whom testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of those witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinions, and all the other evidence in the case.

You have heard testimony from an undercover agent who was involved in the Government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities. Undercover agents may use false names and appearances and assume the roles in the course of a criminal investigation.

The Defendant is charged in the indictment with Coercion and Enticement of a Minor in violation of Section 2422(b) of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge the Government must prove beyond a reasonable doubt:

First, that between February 26, 2020 and March 4, 2020, the Defendant used a means or facility of interstate commerce, that is, the internet, to knowingly persuade, induce, entice or coerce an individual to engage in any sexual activity for which someone could be charged with an offense, that is Oral Copulation with a Minor Under 16 Years of Age, in violation of California Penal Code Section 287(b)(2), or Lewd or Lascivious Acts With a Child of 14 or 15 Years By a Person At Least 10 Years Older, in violation of California Penal Code Section 288(c)(1).

3

Second, the Defendant believed that the individual he attempted to persuade, induce, entice, or coerce was under the age of 18; and Third, the Defendant did something that was a substantial step toward committing the crime and that strongly corroborated the Defendant's intent to commit the crime.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a Defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances. California Penal Code § 288(c)(1) criminalizes sexual contact between a victim 14 or 15 years of age and someone 10 or more years older. The offense of Oral Copulation with a Minor Under 16 Years of Age, in violation of California Penal Code Section 287(b)(2), is committed where a person over 21 years of age participates in an act of oral copulation with a victim under 16 years of age. "Oral copulation" means the act of copulating -- that is, intentionally placing -- the mouth of one person with the sexual organ or anus of another person.

"Interstate commerce" includes commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, Possession, or the District of Columbia. "Foreign commerce" includes commerce with a foreign country. The charge requires the United States to prove that the Defendant used a "means and facility" of interstate and foreign commerce to attempt to persuade, induce, entice, and coerce a minor. Cellular communications through a telephone and the internet are means and facilities of interstate and foreign commerce.

The person with whom the Defendant communicated need not be an actual minor for the Defendant to be guilty of the charge. It is not a defense to Count One that the minor did not in fact exist. The Government must only prove that the person the Defendant believed he would attempt to persuade, or induce, or entice or coerce to engage in sexual activity was a minor.

An act is done knowingly if the Defendant is aware of the act and does not act through ignorance, mistake, or accident. The Government is not required to prove that the Defendant knew that his acts or omissions were unlawful. You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted knowingly.

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender

4

identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the Government has proved its case against the Defendant beyond a reasonable doubt.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk or bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to

5

the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the Defendant, until after you have reached a unanimous verdict or have been discharged.